JUDGE TUCKER.
On the 18th day of December, 1805, Mayo petitioned the County Court of Powhatan for leave to build a mill ; and thereupon a writ of ad quod damnum was awarded, executed and returned to January Court; whereupon it was ordered, that Thomas Wilkinson, the proprietor of the lands, which it appeared by the inquisition would be overflowed by the mill-pond, should be summoned to appear at the next Court, to shew cause, &c. at which Court, Eeb. 19th, 1806, Wilkinson, being summoned, appeared, and on hearing the parties by their attorneys, the writ of inquisition was quashed; it appearing to the Court that a part of the dam of the applicant will run upon the lands of the said Wilkinson.
The suggestion of Mayo when he applied for leave to build a mill, that he owned the lands on both sides Mahook creek, the bed whereof belonged to himself, being disproved (as it would seem) by evidence offered on shewing cause, there can be no doubt that, upon the merits, the judgment of the County Court was correct.
But it is suggested, that February Court, to which Wilkinson was summoned to shew cause, being a quarterly Court, the County Court had not jurisdiction over the case at that term, when the case was decided ; and for this cause the judgment was reversed, with costs, by the District Court.
But, which of the parties was in fault ? The summons must have been awarded on the motion of Mayo, in January ; and, being Issued and served on Wilkinson, he must either have appeared to shew cause against the application, or have lost his land, without compensation.
I cannot consider this as a question of jurisdiction, strictly. The Court obtained jurisdiction over the case regularly in December, and its proceedings were regular at that term, •and'in January, except in directing that Wilkinson should be ‘summoned to shew cause at the next Court, which happened to be a quarterly term, instead of a monthly one. The error, if one, in awarding the summons to be made so returnable, proceeded from Mayo, and must have been founded upon his motion. Is he entitled to take advantage of his own error ? I think not; the cause being once regularly in Court, could not, I think, be said to be coram non judice, although the summons were directed to be returnable to a wrong term : at least, Wilkinson alone had a right to complain, that he was not summoned to the proper term. For the monthly and quarterly Courts are all the same Courts, (b) consisting of the same Judges, appointed and sitting by virtue of the same commissions, and qualifications. Their original .constitution as Courts of Record, for the counties respectively, has never been altered, although their terms have been varied, and the course of business in many respects regulated by statutory provisions. • Under these provisions it would certainly be error to try an ejectment at a monthly Court, because the law expressly declares, that such trials shall be had at the quarterly terms. But there is a maxim in law, consensus tollit errorem, which might, perhaps, (for I mean not to give an opinion on the point,) cure the error, if the consent appeared upon the record, (c) Wilkinson having obeyed the summons, without objecting to the irregularity of it, and Mayo being present by his attorney, and both parties being heard upon the merits, without objection from either, surely that party, from whom all the irregularity proceeded, had no right to complain of that irregularity, when judgment was pronounced against him. Under all the circumstances of the present case, I think the judgment of the County Court was right, and therefore ought to be now affirmed — and that of the District Court reversed.
JUDGE ROANE.
The writ of ad quod dam-num and inquisition in this case were rightly quashed by the County Court, for the reason given, if that Court had at the time, a competent jurisdiction to hear and determine the controversy.
*On a deliberate consideration of the several acts on this subject, I am of opinion that the County Courts are not prohibited from acting, at the quarterly sessions, on the subjects embraced by the general jurisdiction of such Courts, by any provision contained in those acts. Indeed, the importance of many of such controversies may have weighed with the Legislature to confide them, the rather,1 to the quarterly sessions, which are probably better attended by justices and counsel, than the monthly Courts : at any rate, however, I see nothing to prohibit the quarterly Courts from acting on the subject, and therefore that the judgment of the District Court should be reversed.
JUDGE FLEMING.
On the 18th day of December, 1805, Joseph Mayo made application to the County Court of Powhatan, for leave to erect a water grist-mill on Mahook *767 creek, stating that he was owner of the lands on both sides of the said creek, the bed whereof belonged to himself ; and obtained a writ of ad quod damnum to issue, agreeably to the act of Assembly concerning mills, &c. which writ having been duly executed on the 11th of January, 1806, was returned to Court, with an inquisition annexed, on the 15th day of the same month, and ordered to be recorded; and Thomas Wilkinson, the proprietor of the land which will be overflowed by the said pond, was ordered to be summoned to the next Court {which was the Court of Quarter Sessions for the County) to shew cause, &c. at which Court Wilkinson appeared, in obedience to the summons, and the Court proceeded to trial.
From this statement of the case, two questions arise.
1st. Whether the Court had jurisdiction of the case, at a quarterly session ? and if so,
2dly. Whether the judgment is erroneous on its merits ?
1st. With respect to the point of jurisdiction. The preamble of the act of 1785, for reforming the County Courts, which was the foundation of the present system, shews the principal object of the Legislature. Itrecites that, ‘ ‘whereas the methods hitherto established for the administration *of justice within this Commonwealth, have proved ineffectual, and the various kinds of business, cognisable by the County Courts render it necessary that certain sessions of the said Courts should be set apart for the trial of suits, depending in the said Courts, and other sessions for the transaction of other business ; — Be it enacted,” &c.
In the act of December, 1792, for reducing into one the several acts on the subject, it is enacted, section 7th, that Courts of quarter sessions shall be held, in the respective Counties, for the trial of all presentments, criminal prosecutions, suits at common law, and in Chancery, where the sum exceeds twenty dollars, or eight hundred weight of tobacco, and shall continue for the space of six days, unless the business be sooner determined.
Sect. 8th. A monthly session shall be held, &c. for the trial of petitions for small debts ; or for trover and conversion, or detention of any thing not exceeding twenty dollars, or eight hundred pounds of tobacco ; for proving and recording deeds and wills, and granting certificates of probate and administration, and for transaction of all business, which by law is, or shall be, made cognisable in a County or Corporation Court, except such as has been herein assigned to the Court of quarter sessions. Provided nevertheless, that injunctions in Chancery, and several other enumerated cases, may be heard and determined, either at a monthly or quarterly Court. But the case of controversies about mills is not one of those enumerated in the proviso, giving concurrent jurisdiction to the monthly and quarterly Courts : notwithstanding which, as there are no restraining words in the law, prohibiting the Courts of quarter sessions from hearing and deciding those cases, (in doing which they may use their own discretion,) I can see no good reason why they should not do so, if they find leisure for the purpose ; as the monthly, and quarter session Courts are composed of the same members, acting under the same commission, and holding their respective sessions at the same place. Different, indeed, would the case be, if a monthly Court ^should hear and determine a cause particularly assigned to a Court of quarter sessions ; and why ? because there is an express exception of such cases in the eighth clause of the act.
The principal object of the law, in discriminating the business of the monthly, from the quarter session Courts, was, that the business of inferior consideration should not interfere with, and clog the business of superior importance ; but, if the latter Courts find they have sufficient time (in the course of six days, being the time which those Courts are by law to continue, unless the business be sooner finished) to do both, I am of opinion that they have jurisdiction to do so, especially in cases of contests about mills, where expedition is necessary, for the convenience of the parties. And it seems strange to me, that the appellee in this case, the prime mover of the business, (who set out in error, by misstating his case, and dragged the appellant into the Court of quarter sessions against his will,) should now except to the jurisdiction of the Court, which heard and decided the cause, at his particular instance and request.
The proving and recording deeds, and wills, is a business particularly assigned to the monthly Courts, and not mentioned in the proviso giving concurrent jurisdiction to both Courts. 1 will suppose, for example, that Wilkinson had conveyed his land to Mayo, by deed, dated the 17th of June, 1805, and had acknowledged it in Court, or it had been proved by three witnesses, on the 16th of February, 1806, the "day the controversy about the mill was decided, which would have been one day within eight months from the date, I have no hesitation in saying that, in my opinion, it would have been as valid, to all intents and purposes, as if it had been acknowledged, or proved, at the first monthly Court after it was executed : and I believe Mr. Mayo would have been of the same opinion.
If the Court of quarter sessions would have had jurisdiction to receive the probate of the deed and admit it to record, I see no reason why it should not have had jurisdiction in the case before us.
*As to the merits of the case, I concur with the Judges in the following opinion, which has been unanimously agreed to.
“This Court is unanimously of opinion, that there is error in the judgment of the District Court, in this, that the appellee, on his first application to the County Court of Powhatan, for leave to build a mill on Mahook creek, stated that he was owner of the lands on both sides of the said creek, (the bed whereof belongeth to himself,) when it appeared in evidence, that a part of the dam of the applicant will run on the lands of the appellant Thomas Wilkinson : the said judgment is therefore reversed with costs ; and that of the County Court affirmed ; and the petition of the appellee, and the subsequent proceedings thereon in the County Court, ordered to be dismissed.” *768 ^Virginia, to wit:

At a General Coiirt held at the Capitol, in Richmond, the nth day of. June, 1808.

 Vi. L. V. edit. 1794. c. 67, sect. 1, 2, 3, 5, 7, 8, 9, in which the words, the said Courts, are constantly used and repeated.

 Vi. 1 Call, 336.